```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                        3:07CV128-MU-02
```

GEORGE W. GANTT-EL,            )
    Plaintiff,             )
                         )
    v.                     )
                          )
BOYD BENNETT, Director of N.C.)
  Department of Corrections;  )
JUDY H. SILLS, Manager of Com-)
  bined Records Division,     )
PAULA Y. SMITH, Chief of      )
  Health Care Services;       )
RICK JACKSON, Superintendent  )
  of Lanesboro Correctional   )
  Institution (LCI hereafter);)
KAREN GREGORY, N.C. Post-Re-  )                O R D E R
  lease Supervision and Parole)
  Commisssion;                )
WILLIS FOWLER, N.C. Post-Re-  )
  lease Supervision and Parole)
  Commission;                 )
ANDREW TERRELL, N.C. Post-Re- )
  lease Supervision and Parole)
  Commission;                 )
SHARON GOODWIN, Programmer at )
  LCI;                        )
FRANK STAMPERS, Physician's   )
  Assistant;                  )
(FNU) DAWKINS, Physician;     )
(FNU) DARLRYMPLE, Assistant   )
  Superintendent of Programs  )
  at LCI;                     )
(FNU) CARELOCKE, Nurse at LCI )
(FNU) WELCH, Nurse at LCI;    )
(FNU) EAVES, Nurse at LCI;    )
(FNU) PARSONS, Captain at LCI;)
(FNU) EDWARDS, Captain at LCI;)
(FNU) WEBSTER, Captain at LCI;)

```
(FNU) COVERINGTON, Lieutenant )
  at LCI;                     )
(FNU) WYATTE, Lieutenant at   )
  LCI;                        )
(FNU) REEVES, Sergeant at LCI;)
(FNU) KAHAN, Sergeant at LCI; )
(FNU) KENNY, Sergeant at LCI; )
(FNU) WILSON, Correctional    )
  Officer at LCI              )
(FNU) FREELAND, Correctional  )
  Officer at LCI              )
A. JACKSON, Correctional Offi-)
  cer at LCI;                 )
(FNU) GOODE, Correctional Of- )
  ficer at LCI;               )
(FNU) ROGERS, Correctional    )
  Officer at LCI;             )
(FNU) EVANS, Correctional Of- )
  ficer at LCI; and           )
(FNU) THOMPSON, Correctional  )
  Officer at LCI,             )
    Defendants.               )
_____)
```

**THIS MATTER** comes before the Court for an initial review of the plaintiff's civil rights Complaint, brought pursuant to 42 U.S.C. §1983, filed March 22, 2007. For the reasons stated herein, the instant Complaint will be summarily <u>dismissed</u> in its entirety.

A review of the plaintiff's Complaint reflects that he is an inmate in the custody of the North Carolina Department of Corrections. Presently, the plaintiff is being confined at the Maury Correctional Institution, which facility is located within the Eastern District of North Carolina.

Furthermore, and pertinent to this action, relevant Court records establish that the plaintiff is no stranger either to the

criminal justice system nor to the civil litigation process. To be sure, the Court's review of various Court records reflects that the plaintiff has served multi-year terms of imprisonment both in the North Carolina and Maryland correctional departments; that between 1991 and the time that the plaintiff brought the instant Complaint on March 22, 2007, he has filed at least forty (40) civil rights cases in the federal district courts in North Carolina and Maryland; that such cases, similar to the instant one, have sued "virtually everyone he has had contact with: police officers, prison guards, wardens, doctors, and other prison health care attendants, librarians, food service personnel, even court personnel"[1]; that also during that time, the plaintiff has brought numerous appeals at the Fourth Circuit Court of Appeals; and that some of those cases and appeals were dismissed by the plaintiff, but "others were dismissed for the plaintiff's failure to state a cause of action." Id.

The Prisoner Litigation Reform Act of 1996 (the "PLRA" hereafter) makes it clear that a prisoner may not bring a civil action or proceeding "if such prisoner has on 3 or more prior occasions, while incarcerated in any facility, brought an action . . . that was dismissed on the grounds that it was frivolous,

---

[1] Gantt v. Md. Division of Correction, et al., 894 F.Supp. 226, 227 (D.Md. July 27, 1995). See also Gantt-El v. Bennett, et al., 3:06CV392-03-MU; and Gantt v. Sutton, et al., 5:06CT-3039-D (Eastern District of North Carolina, Western Division) (both dismissed for the plaintiff's failure to state a claim for relief); and Gantt-El v. Smith, et al., 3:06CV520-1-MU (dismissed upon a finding that plaintiff both had failed to state a claim for relief as to one of his allegations, and had failed to exhaust the other one).

malicious or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See 28 U.S.C. §1915(g). Moreover, actions which were dismissed as frivolous prior to the effective date of the PLRA count toward an inmate's three strikes. Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999).

Here, the plaintiff already has had at least three of his previous civil rights actions dismissed for his failure to state a claim for relief. Furthermore, in addition to the bizarre nature of his current allegations, the plaintiff has failed to credibly allege a single fact to substantiate his claims that defendant Sills maintains false information in his prison records, and that defendant Bennett has failed properly to train and supervise his subordinate staff--the only two[2] matters which conceivably could be cognizable on the basis of his Complaint.

Likewise, the plaintiff has failed even to attempt to set forth any allegations which could support a finding that he now is under imminent danger of serious physical injury so as to entitle him to proceed with this action. Therefore, the instant Complaint must be summarily **DISMISSED**.

---

[2] In addition to its numerous other deficiencies, the plaintiff's Complaint merely makes passing references to certain of the other 27 defendants who are listed in the caption. Thus, such Complaint does not set forth any decipherable claims against those individuals. Equally critically, the Complaint sets forth the bizarre allegation that in addition to maintaining false information in his prison records, defendant Sills used unidentified female prison employees to offer the plaintiff sexual intercourse in exchange for his providing information against other otherwise unidentified inmates and personnel. However, since the plaintiff did not even bother to set forth a single factual allegation to support such outrageous accusation, that claim simply is not worthy of any further discussion by this Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The plaintiff's Complaint is **DISMISSED** pursuant to the mandates of 28 U.S.C. §1915(g).

2.  From this point forward, the plaintiff is required to submit all proposed civil complaints to this Court for pre-filing review in accordance with 28 U.S.C. §1915.  In the event the Court determines that such Complaint should <u>not</u> be entertained because the plaintiff is <u>not</u> under imminent danger of serious physical harm, the same shall be returned, unfiled, to the plaintiff.

3.  **One or more unsuccessful attempts to bring a civil cases in this Court could result in the imposition of monetary sanctions against the plaintiff.**

    **SO ORDERED.**

Signed: March 29, 2007

Graham C. Mullen
United States District Judge