```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:07CV128-MU-02


GEORGE W. GANTT-EL,            )
     Plaintiff,                )
                               )
        v.                     )
                               )
BOYD BENNETT, Director of N.C.)
  Department of Corrections;   )
JUDY H. SILLS, Manager of Com-)
  bined Records Division,      )
PAULA Y. SMITH, Chief of       )
  Health Care Services;        )
RICK JACKSON, Superintendent   )
  of Lanesboro Correctional    )
  Institution (LCI hereafter);)
KAREN GREGORY, N.C. Post-Re-   )                O R D E R
  lease Supervision and Parole)
  Commisssion;                 )
WILLIS FOWLER, N.C. Post-Re-   )
  lease Supervision and Parole)
  Commission;                  )
ANDREW TERRELL, N.C. Post-Re-  )
  lease Supervision and Parole)
  Commission;                  )
SHARON GOODWIN, Programmer at )
  LCI;                         )
FRANK STAMPERS, Physician's    )
  Assistant;                   )
(FNU) DAWKINS, Physician;      )
(FNU) DARLRYMPLE, Assistant    )
  Superintendent of Programs   )
  at LCI;                      )
(FNU) CARELOCKE, Nurse at LCI )
(FNU) WELCH, Nurse at LCI;     )
(FNU) EAVES, Nurse at LCI;     )
(FNU) PARSONS, Captain at LCI;)
(FNU) EDWARDS, Captain at LCI;)
(FNU) WEBSTER, Captain at LCI;)
```

| | |
|---|---|
| (FNU) COVERINGTON, Lieutenant | ) |
|   at LCI; | ) |
| (FNU) WYATTE, Lieutenant at | ) |
|   LCI; | ) |
| (FNU) REEVES, Sergeant at LCI; | ) |
| (FNU) KAHAN, Sergeant at LCI; | ) |
| (FNU) KENNY, Sergeant at LCI; | ) |
| (FNU) WILSON, Correctional | ) |
|   Officer at LCI | ) |
| (FNU) FREELAND, Correctional | ) |
|   Officer at LCI | ) |
| A. JACKSON, Correctional Offi- | ) |
|   cer at LCI; | ) |
| (FNU) GOODE, Correctional Of- | ) |
|   ficer at LCI; | ) |
| (FNU) ROGERS, Correctional | ) |
|   Officer at LCI; | ) |
| (FNU) EVANS, Correctional Of- | ) |
|   ficer at LCI; and | ) |
| (FNU) THOMPSON, Correctional | ) |
|   Officer at LCI, | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on the plaintiff's "Motion For Reconsideration [O]r [I]n The Alternative Motion [T]o Alter Or Amend [T]he Complaint," filed April 12, 2007. For the reasons set forth herein, and for the further reasons set forth in the Court's Order of dismissal (filed March 29, 2007), the plaintiff's dual Motion will be denied.

Indeed, as was explained in the Court's Order of dismissal, the plaintiff is a frequent-filer who, on numerous prior occasions, has had his actions "dismissed for the plaintiff's failure to state a cause of action." Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226, 227 (D. Md. 1995). In light of that fact, this Court conducted an initial review of the plaintiff's Com-

plaint, but observed that the he had not even attempted to address his numerous frivolity dismissals. More critically, as was noted by the Court, the plaintiff did not either hint or suggest that he then was in imminent danger of serious physical injury, thereby entitling him to proceed with his action. Therefore, the plaintiff's Complaint was summarily dismissed.

Now, by the instant Motion, the plaintiff questions why this Court's Order took ten days to reach him; he asserts that this Court has "malicious intent," presumably towards him; he alleges that the defendants are engaged in some sort of "ongoing conspiracy"; and he contends, inter alia, that "[e]very act that [this Court] stated not done in the Complaint [he is] able to prove and believe was done." Consequently, the plaintiff "demand[s] a reconsideration of this untimely signed for and received order from [the Court] and to be allowed to amend this conspiratorially writ[t]en (PLRA) ignored order." The plaintiff further notes that "this order stinks like these stinking Masons and Eastern stars."

If the foregoing statements were not bizarre enough, the plaintiff's Motion was accompanied by a letter to the Clerk of Court explaining, among other things, that the plaintiff had "masturbated on a white freak today and still ain't in the Jack & Rat Game." In any event, notwithstanding his obvious notions to the contrary, the plaintiff has failed to establish that he should be given another bite at this apple.

That is, it has not escaped the Court's attention that the plaintiff had more than an adequate opportunity to include within his 12-page Complaint allegations sufficient to establish that he was in imminent danger of serious physical injury at the time that he drafted his Complaint. Thus, the omission of such an allegation, particularly in light of his belated, conclusory claim of such danger, is a fact which this Court simply will not overlook. Consequently, the plaintiff's Motion for Reconsideration or to Alter or Amend his Complaint must be **denied**.

**SO ORDERED.**

Signed: April 19, 2007

Graham C. Mullen
United States District Judge